Maurice Wahl, J.
This is an action instituted by the plaintiff in the Small Claims Part of the Municipal Court to recover the sum of $100 against William Rosensohn and Rosensohn Enterprises, Inc., the cost of two ringside tickets permitting the holder thereof to witness the pugilistic encounter in the so-called heavyweight championship contest between two individuals, Patterson and Johansson, known in legal parlance as “ boxers
The fistic engagement was scheduled for Thursday evening, June 25, 1959 at the Yankee Stadium. However, because of climatic conditions, there was a postponement to the evening of the next day, June 26. The plaintiff herein heretofore complained to the Boxing Commissioners and also to the office of the District Attorney.
The plaintiff testified that he had purchased these tickets before that date at the box office and that on ¡the morning of June 25, he sought a refund of the tickets. He was referred by the box office to the office of the defendant Rosensohn at a midtown hotel. The plaintiff visited the defendant at his office in the hotel and informed him that he could not be present at the fight that evening since he had to leave the city that day for business reasons. The defendant took the two tickets into his possession and assured the plaintiff that the tickets were for good seats and that a check would be sent to the plaintiff. A week after this occurrence, the plaintiff personally made, a demand for the value of the .tickets but received no satisfaction.
The defendant Rosensohn admitted having seen the plaintiff at his office on the day in question but differed as to the time. However, the time element is of little or no value. Rosensohn admitted saying, “ Well, .the best I can do is accept these tickets and try to resell them. If I do that, leave me your address, and I will send you a check for that amount.”
The tickets have never been returned to the plaintiff Hochman.
The State Athletic Commission was created in this State as a division of the Department of State for the purpose of regulating and supervising boxing and wrestling exhibitions (see L. 1920, ch. 912, as amd.) and pursuant to section 1 promulgated certain rules.
*173 There is neither a duty nor a legal obligation on the part of the issuer of the tickets to give a refund under the circumstances detailed above. The issuer does have the right to cancel the privileges of the ticket and make a refund to the purchaser for any violation by the purchaser of the rules (see Rules and Regulations of State Athletic Comm., rule 13 [N. Y. Off. Comp, of Codes, Rules & Regulations, 8th Off. Supp., p. 534]). Rule 10 provides that no exchange of tickets can be made anywhere except at the box office, and by extension of legal reasoning, there can be no refund except at the box office. Since the issuer is a licensed corporation bound by the rules — and so is the public— the act of Rosensohn was the act of the individual and not of the corporation. In any event, the evidence adduced at the time of the trial is insufficient to create a charge against the corporate defendant Rosensohn Enterprises, Inc.
The defendant Rosensohn contended at the trial that the plaintiff was not truthful about his home address for the plaintiff had informed him that he was a resident of Baltimore whereas, in fact, the plaintiff is a New York resident. Accepting this for what it is worth, it is necessary to remind the defendant Rosensohn that£ £ injuria non excusat injuriara ’ In short, one wrong does not justify another.
The acceptance of the tickets by the defendant Rosensohn imposed a duty upon him either to refund the money or return the said tickets. To contend that the tickets were worthless pieces of paper after the exhibition is to deny the plaintiff the right to his purchase. One must not confuse price with value. A person who undertakes to do any act, which, unperformed, or by his conduct, causes harm to another may be held responsible for any proximate loss or damage. Hence the defendant Rosensohn is solely responsible.
Judgment for the plaintiff against the defendant Rosensohn for the sum of $100, with interest and costs, and dismissed as against the defendant Rosensohn Enterprises, Inc.